## No. 375

## COHEN v. SMITH, etc.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7010. Decided May 2, 1927

683. JURY—Voir Dire—1. It is the tendency of courts, in cases of personal injuries by automobiles, to give counsel for plaintiff reasonable and proper latitude in ascertaining the qualifications of jurors with respect to their interest or connection with liability insurance companies.

2. Where no objections or exceptions are made to interrogatories of this nature made to the jury on voir dire, until after the jury is sworn, this constitutes a waiver of the character of the interrogatories complained of.

First Publication of this Opinion

SULLIVAN, P. J.

Irene Smith, a minor was struck by the machine driven by Harry Cohen, while standing in a devil strip, thus sustaining the injuries complained of for which she brought action, by her next friend, against Cohen in the Cuyahoga Common Pleas. A judgment was recovered by Smith and Cohen prosecuted error to the Court of Appeals.

It was claimed that there was an abuse of discretion on part of the trial court; passion and prejudice on part of the jury; and error on part of the court. The Court of Appeals held:

1. Abuse of discretion in the trial court was claimed in that the court permitted counsel for plaintiff to make inquiries of jurors on their voir dire as to whether they were connected in any way with casualty companies.

2. "In considering the propriety of these interrogatories on voir dire examination, it must not be forgotten that the law and authorities are to the effect that liability insurance companies may be sued directly for the balance of any judgemnt not recoverable from the individual - - - - and the tendency of the courts upon questions like the one at bar is to give counsel reasonable and proper latitude in ascertaining the qualifications of

jurors with respect to their interest as stock-holders or otherwise in liability insurance companies." Lish v. Denny, Ternary Digest, 99.

3. If this proposition is wrong, there was a complete waiver of the character of the interrogatories complained of and to the conduct of counsel for plaintiff, in that the record discloses that no objection or exception was made to the interrogatories until after the jury had been sworn; but we think there is no question about the legal right of the plaintiff to ask the question, there being nothing in connection therewith to show bad faith.

4. The record discloses the injuries to be severe and serious and the verdict itself, based upon the injuries detailed, does not indicate passion and prejudice.

5. There being no error of a prejudicial nature to Cohen, in the record, the judgment of the Common Pleas Court is affirmed.

Judgment affirmed.

(Vickery & Levine, JJ., concur.)

Attorneys—Paul Howland for Cohen; McMahon, & Zimmerman for Smith; all of Cleveland.